### John A. Knowles *vs.* Grenville Parker.

P studied law in this State, in the office of S., who had been admitted to practise as an attorney and counsellor in the highest court of New Hampshire, and who afterwards removed into this State, and practised in our courts, as attorney and counsellor, but was never admitted to the bar here : S. gave the certificate, required by the rules of the court, that P. had studied in his office, &c. ; and P. was thereupon admitted to the bar : Said certificate was procured and presented to the court, by a member of the bar, and not by P. : P. afterwards gave S. a note for tuition as a student in his office ; not knowing whether said certificate was correct and true, or not. *Held*, in a suit against P. on the note, that it was given on a good consideration, and that there was no failure of consideration.

ASSUMPSIT on a promissory note for $75, given by the defendant, dated May 7th 1836, payable to William Smith, or order, on demand and interest, and indorsed by said Smith to the plaintiff, in 1838. The case was submitted to the court on the following statement of facts:

" The only consideration for said note was the tuition of the defendant, as a student at law in said Smith's office, from March 1834 to September 1835. Previously to 1833, said Smith resided in New Hampshire, and was admitted as an attorney of the superior court of that State, in 1815. He was also admitted as a counsellor of the circuit court of the United States for the district of New Hampshire, in 1821. In 1833, said Smith came to Lowell, and commenced the practice of law, and has since continued to practise in the supreme judicial court and court of common pleas of this Commonwealth, as a counsellor, and did so practise during the time the defendant was with him, as aforesaid, and at the time said note was given. Said Smith, at the time the defendant was in his office, had a respectable legal library. It does not appear by the records of the supreme judicial court of this Commonwealth, that said Smith was ever admitted to practise in that court, either as attorney or counsellor. Said Smith gave a certificate of the time during which the defendant studied in his office, in the manner then required by the rules of the court in order to entitle persons to admission to the bar. This certificate was procured and presented to the court, in September 1835, by Samuel H. Mann, Esq. (then a member of the bar,) and not by the defendant; and the defendant was then admitted to the bar. It was not known to the defendant at that time, nor at the date of said note, whether said certificate was correct and true, or not."

*Knowles, pro se.*

*Parker, pro se.*

SHAW, C. J. The only defence in this action is defect of consideration, and constructive notice thereof to the plaintiff. The note having been indorsed after it was due, if there was any defect of consideration, there is no doubt that the plaintiff is affected by constructive notice, and that it is as good a defence

against him as it would have been against the promisee. The defendant insists that this action stands upon the same ground as if it were a *quantum meruit* for the tuition ; but we cannot so consider it. The note is *primâ facie* a good cause of action, and it is for the defendant to show a want or failure of consideration. We see no ground upon which to impute any fraudulent purpose to the promisee. He had been many years a counsellor and attorney of the highest courts in New Hampshire, and, on coming to practise in this State, was entitled to an admission, as of course. As he commenced and continued his practice openly, and without objection on the part either of the bar or of the court, he may have supposed a formal admission unnecessary ; and a fraudulent purpose is not to be assumed without proof.

Does the case furnish proof of an entire want of consideration ? The question is not, on this point, whether the consideration was adequate ; that was to be judged of by the promisor, when he gave the note. The court are of opinion that, as Mr Smith was in fact a counsellor, and took the defendant as a student, the use of his library, the actual instruction received, and the use of his certificate, to enable the defendant to be admitted, constituted a good consideration for the note.

The only remaining question is, whether there was a failure of consideration. The consideration of the note was, that the promisee had received and retained the defendant, a certain length of time, as a student at law. We are of opinion, with the defendant, that this necessarily implied that the defendant had received and should receive and enjoy the benefits arising from that relation, one of which was, that he should be entitled to admission in due course, so far as it depended upon such term of study with a counsellor at law. But in fact he has received such entire and full benefit, and has had all the advantages which he could have had, if Mr. Smith had been sworn in as a counsellor and attorney. Had this time been disallowed to the defendant, on account of such defect in the qualifications of the promisee, it would have been, we think, a failure of consideration, upon which the defendant might rely. As Mr. Smith was a counsellor *de facto*, and was so recognized and

treated by the court; as he gave a certificate in that capacity, which was recognized and admitted by the court; the defendant, after the full benefit of the contract on his part, is estopped to deny, when called on for payment, that he had received any consideration. He had received all the benefit which the promisee professed to offer him, as a student at law. As to Mr. Smith's legal accomplishments, and personal and professional ability to instruct a student in the principles, and initiate him into the practice of the law, they were the same as they would have been, if he had conformed to the rules, and taken the oaths. We are therefore of opinion, that the case does not show a failure of consideration, which would have avoided the note in the hands of the promisee, and therefore that the plaintiff, as indorsee, is entitled to recover the amount of the note.